## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

**OBELL XAVIER VANOVER,**
**No. 04193-030,**

**Petitioner,**

      **vs.**                            **Case No. 15-cv-1065-DRH**

**JAMES N. CROSS,**

**Respondent.**

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Petitioner Vanover, currently incarcerated in the FCI-Greenville, Illinois, brings this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge the constitutionality of his confinement.  Vanover was convicted following a jury trial in June 2009, of five counts:  (1) conspiracy to distribute methamphetamine; (2) distribution of methamphetamine; (3) possession with intent to distribute methamphetamine; (4) using or carrying a firearm in furtherance of a drug crime, in violation of 18 U.S.C. § 924(c); and (5) possession of a firearm by a felon.  Petitioner's wife was similarly charged and convicted of counts 1-4 as a co-defendant.  *United States v. Vanover*, Case No. 08-cr-00022 (S.D. Iowa).  Petitioner was sentenced to 360 months on Counts 1-3, concurrent with a 180-month sentence on Count 5.  His 60-month sentence on Count 4 was ordered to be served consecutively to the sentences on Counts 1-3 and 5.

Petitioner now asks this Court to set aside the "using or carrying" a firearm conviction (Count 4) in light of the Supreme Court's recent decision in *Rosemond v. United States*, --- U.S. ---, 134 S. Ct. 1240 (2014). According to the petition, Vanover's conviction on this count was based on aiding and abetting his co-defendant/wife in drug transactions. He asserts that the jury instructions allowed the jury to convict him without first finding that he knew in advance that his wife would be armed during a drug crime.

This matter is now before the Court for a preliminary review of the petition. Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides that, upon preliminary review by the district judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases, such as this action.

**The Petition/Factual Background**

During an investigation into drug sales, officers observed a person under surveillance go to the Vanover home to purchase drugs. A search warrant was obtained, and a team of officers raided the home. Petitioner was not present when the officers arrived, but he came home before the search was conducted. Drugs and drug paraphernalia were found in several locations. In the master bedroom, a High Point Luger pistol was discovered lodged in between the

mattress and box springs of the bed, along with $4,000.00 in cash. A safe in the master bedroom contained other firearms, drugs, and drug paraphernalia. *United States v. Vanover*, 630 F.3d 1108, 1112-13 (8th Cir. 2011) (affirming convictions).

According to petitioner, the evidence at trial included his wife's testimony that she found the Luger in her son's car while she was cleaning out the vehicle. She brought it home and placed it under the mattress. Petitioner asserts that he had no idea the Luger was in the house or under the bed (Doc. 1, p. 7). It was this gun that was the focus of the charge that petitioner's wife (and petitioner) was armed during the commission of the drug crimes.

Petitioner unsuccessfully challenged the jury instructions regarding Count 4 on appeal. Subsequently, his § 2255 motion was dismissed. Since the *Rosemond* decision was announced, the Eighth Circuit criminal jury instructions used in petitioner's case have been amended (Doc. 1, p. 8). The petition notes the trial judge's comments that with regard to Count 5, "the case is a little thin on furtherance. The case is a little thin on the 'knowledge' with regard to Mr. Vanover of the firearm." *Id.* The jury was never instructed, as *Rosemond* directs, that petitioner must have had prior knowledge that his wife had the gun under the mattress. He now asserts that the "savings clause" in 28 U.S.C. § 2255(e) allows him to proceed with his claim that this Court should vacate his conviction on Count 4 under 18 U.S.C. § 924(c).

**Discussion**

As a general matter, "28 U.S.C. § 2241 and 28 U.S.C. § 2255 provide federal prisoners with distinct forms of collateral relief.  Section 2255 applies to challenges to the validity of convictions and sentences, whereas § 2241 applies to challenges to the fact or duration of confinement." *Hill v. Werlinger*, 695 F.3d 644, 645 (7th Cir. 2012) (citing *Walker v. O'Brien*, 216 F.3d 626, 629 (7th Cir. 2000). *See also Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012); *Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998).  Here, petitioner is attacking one of his convictions and the resulting sentence, which points to § 2255 as the proper avenue for relief.

Under very limited circumstances, a prisoner may employ § 2241 to challenge his federal conviction or sentence.  28 U.S.C. § 2255(e) contains a "savings clause" which authorizes a federal prisoner to file a § 2241 petition where the remedy under § 2255 is "inadequate or ineffective to test the legality of his detention."  28 U.S.C. § 2255(e).  *See Hill*, 695 F.3d at 648 ("'Inadequate or ineffective' means that 'a legal theory that could not have been presented under § 2255 establishes the petitioner's actual innocence.'") (citing *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002).  *See also United States v. Prevatte*, 300 F.3d 792, 798-99 (7th Cir. 2002).  The fact that petitioner may be barred from bringing a second/successive § 2255 petition is not, in itself, sufficient to render it an inadequate remedy.  *In re Davenport*, 147 F.3d 605, 609-10 (7th Cir. 1998) (§ 2255 limitation on filing successive motions does not render it an inadequate

remedy for a prisoner who had filed a prior § 2255 motion).  Instead, a petitioner under § 2241 must demonstrate the inability of a § 2255 motion to cure the defect in the conviction. "A procedure for postconviction relief can be fairly termed inadequate when it is so configured as to deny a convicted defendant any opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense." *Davenport*, 147 F.3d at 611.

The Seventh Circuit has explained that, in order to fit within the savings clause following *Davenport*, a petitioner must meet three conditions.  First, he must show that he relies on a new statutory interpretation case rather than a constitutional case.  Secondly, he must show that he relies on a decision that he could not have invoked in his first § 2255 motion, *and* that case must apply retroactively.  Lastly, he must demonstrate that there has been a "fundamental defect" in his conviction or sentence that is grave enough to be deemed a miscarriage of justice.  *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013). *See also Brown v. Rios*, 696 F3d 638, 640 (7th Cir. 2012).

Petitioner relies on the Supreme Court's decision in *Rosemond* to challenge his conviction on Count 4.  *Rosemond* is in fact a statutory interpretation case, which satisfies the first condition above.  And due to the recency of the *Rosemond* ruling, petitioner could not have invoked it in his § 2255 motion.  However, the retroactive application of *Rosemond* is a matter of some dispute among the courts that have considered this question, and this issue is currently under

consideration by the Seventh Circuit.  See *Montana v. Cross*, Appeal No. 14-3313 (7th Cir.).  Given the current landscape of the law, and without commenting on the merits of petitioner's claims, the Court concludes that further review of the instant petition is appropriate.

**IT IS HEREBY ORDERED** that respondent shall answer or otherwise plead within thirty days of the date this order is entered (on or before November 18, 2015).[1]  This preliminary order to respond does not, of course, preclude the Government from raising any objection or defense it may wish to present.  Service upon the United States Attorney for the Southern District of Illinois, 750 Missouri Avenue, East St. Louis, Illinois, shall constitute sufficient service.

**IT IS FURTHER ORDERED** that pursuant to Local Rule 72.1(a)(2), this cause is referred to United States Magistrate Judge Clifford J. Proud for further pre-trial proceedings.

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to United States Magistrate Judge Proud for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Petitioner is **ADVISED** of his continuing obligation to keep the Clerk (and each opposing party) informed of any change in his whereabouts during the pendency of this action.  This notification shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs.  Failure to

---

[1] The response date ordered herein is controlling. Any date that CM/ECF should generate in the course of this litigation is a guideline only.  *See* SDIL-EFR 3.

provide such notice may result in dismissal of this action.   *See* Fed. R. Civ. P.
41(b).

**IT IS SO ORDERED.**

Signed this 19th day of October, 2015.

Digitally signed
by Judge David
R. Herndon
Date: 2015.10.19
09:40:17 -05'00'

**United States District Judge**