IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**OBELL XAVIER VANOVER,**

    Petitioner,

vs.                                             Civil No. 15-cv-1065-DRH-CJP

**T. G. WERLICH,**

    Respondent.

## MEMORANDUM and ORDER

**HERNDON, District Judge:**

Petitioner Obell Xavier Vanover, an inmate in the custody of the Bureau of Prisons, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 challenging his conviction for possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A). He relies on *Rosemond v. United States*, 134 S. Ct. 1240 (2014).

Respondent filed an answer at Doc. 9, and petitioner filed a reply at Doc. 12. After the Seventh Circuit decided *Montana v. Cross*, 829 F.3d 775 (7th Cir. 2016), the court invited the parties to file supplemental memoranda. Respondent did so at Doc. 17.

## Relevant Facts and Procedural History

Obell Xavier ("Butch") Vanover was indicted along with his wife Barbara Vanover on drug distribution and firearms charges in the Southern District of Iowa. *United States v. Vanover*, 08-cr-00022-JEG. Both of the Vanovers were convicted by a jury of conspiracy to distribute methamphetamine, in violation of

21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 846; distribution of methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C), and 18 U.S.C. § 2; possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B), and 18 U.S.C. § 2; and possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i). Butch Vanover was also convicted of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).

Barbara Vanover was sentenced to 181 months imprisonment. Butch Vanover was sentenced to 360 months imprisonment, to be followed by a consecutive term of 60 months on the § 924(c) count. Butch's sentence was much longer than Barbara's because Butch had an "extensive criminal history," while Barbara had none. *Vanover v. United States*, 11-00546-JEG, Doc. 5, n. 3 (S. D. Iowa, August 2, 2012)(order denying initial motion under 28 U.S.C. § 2255).

On direct appeal, both of the Vanovers challenged the sufficiency of the evidence. The Eighth Circuit affirmed. *United States v. Vanover*, 630 F.3d 1108 (8th Cir. 2011).

The Eighth Circuit's review of the evidence indicated that a confidential informant went to one Debra Dale to buy methamphetamine; Dale in turn went to the Vanover home and bought methamphetamine from Barbara. *Vanover*, 630 F.3d at 1111. Dale testified that she bought methamphetamine from the Vanovers on multiple occasions and "characterized the Vanovers as working together to sell their methamphetamine." *Id.*, at 1117.

Officers obtained a warrant to search the Vanover home. Butch arrived home during the search and was interviewed. He "admitted he had recently started selling methamphetamine and there was methamphetamine in the home." *Id.*, at 1112.

Officers found four Ziploc bags containing 119 grams of a mixture or substance containing methamphetamine in the Vanovers' garage, a Ziploc baggie with a mixture or substance containing 6.55 grams of methamphetamine in the master bathroom, and .51 grams of a mixture or substance containing methamphetamine, a digital scale, and related drug paraphernalia in a dresser in the Vanovers' bedroom. In addition, "[i]n the Vanovers' bed in the master bedroom—lodged between the mattress and the box spring—officers found (1) a High Point Model C9 9 mm Luger pistol; (2) unused Ziploc baggies; and (3) four Ziploc baggies containing a total of $4,000 in cash. The High Point was fully operational, loaded with Remington Peters 9 mm ammunition, and placed near the edge of the head of the bed." *Vanover*, 630 F.3d at 1112.

When the officers arrived at the Vanover home to execute the search warrant, they found a Hispanic man sitting in a car outside the house. *Ibid.* A witness who had shared a cell with Butch before trial testified that Butch said that the Hispanic man was his supplier and that he had come to the Vanover home that day to collect $4,000 that Butch owed him for methamphetamine. *Id.*, at 117.

The Eighth Circuit held that the evidence was sufficient to support the

convictions, including Butch's convictions under § 924(c) and for being a felon in possession of a firearm.

Petitioner filed a motion under 18 U.S.C. § 2255 alleging ineffective assistance of counsel. That motion was denied. *Vanover v. United States*, 11-00546-JEG, Doc. 5 (S. D. Iowa, August 2, 2012). Petitioner also filed two applications in the Eighth Circuit for authorization to file successive § 2255 motions, Case Nos. 16-1842 and 17-2859. The first application was denied, and second is pending.

## Applicable Legal Standards

### 1. Legal Standards Applicable to Section 2241

In most circumstances, petitions for writ of habeas corpus under 28 U.S.C. §2241 may not be used to raise claims of legal error in conviction or sentencing, but are limited to challenges regarding the execution of a sentence. See, *Valona v. United States*, 138 F.3d 693, 694 (7th Cir.1998).

A prisoner who has been convicted in federal court is generally limited to challenging his conviction and sentence by bringing a motion pursuant to 28 U.S.C. §2255 in the court which sentenced him. A motion under §2255 is ordinarily the "exclusive means for a federal prisoner to attack his conviction." *Kramer v. Olson*, 347 F.3d 214, 217 (7th Cir. 2003). And, a prisoner is generally limited to bringing only *one* motion under §2255. A prisoner may not file a "second or successive" motion unless a panel of the appropriate court of appeals certifies that such motion contains either 1) newly discovered evidence "sufficient

to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense," or 2) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. §2255(h).

However, it is possible, under very limited circumstances, for a prisoner to challenge his federal conviction or sentence under §2241. 28 U.S.C. §2255(e) contains a "savings clause" which authorizes a federal prisoner to file a §2241 petition where the remedy under §2255 is "inadequate or ineffective to test the legality of his detention." The Seventh Circuit construed the savings clause in *In re Davenport*, 147 F.3d 605, 611 (7th Cir. 1998): "A procedure for postconviction relief can be fairly termed inadequate when it is so configured as to deny a convicted defendant any opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense."

The Seventh Circuit has explained that, in order to fit within the savings clause following *Davenport,* a petitioner must meet three conditions. First, he must show that he relies on a new statutory interpretation case rather than a constitutional case. Secondly, he must show that he relies on a decision that he could not have invoked in his first §2255 motion *and* that case must apply retroactively. Lastly, he must demonstrate that there has been a "fundamental defect" in his conviction or sentence that is grave enough to be deemed a miscarriage of justice. *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013).

See also, *Brown v. Rios*, 696 F3d 638, 640 (7th Cir. 2012).

## 2. *Rosemond v. United States,* 134 S. Ct. 1240 (2014)

In *Rosemond*, the Supreme Court held that, in order to support a conviction for aiding and abetting the offense of "us[ing] or carr[ying]" a firearm "during and in relation to any crime of violence or drug trafficking crime," 18 U.S.C. § 924(c), the Government must prove "that the defendant actively participated in the underlying drug trafficking or violent crime with advance knowledge that a confederate would use or carry a gun during the crime's commission." *Rosemond,* 134 S. Ct. at 1243.

## **Analysis**

Petitioner Vanover is not entitled to habeas relief under §2241.

In the first place, it is questionable whether petitioner's claim meets the *Davenport* requirements.

The Seventh Circuit has already determined that *Rosemond* is a case of statutory construction and is retroactive. *Montana v. Cross*, 829 F.3d 775, 783 (7th Cir. 2016). Davenport's second condition, however, also requires "prior unavailability of the challenge." *Id.* "[T]he second prong is satisfied if it would have been futile to raise a claim in the petitioner's original section 2255 motion, as the law was squarely against him." *Id*. at 784 (quoting *Webster v. Daniels*, 784 F.3d 1123, 1136 (7th Cir. 2015) (internal quotation marks omitted). The petitioner in *Montana* had been convicted in the Seventh Circuit. The court held that he could not bring his *Rosemond* claim in a § 2241 petition because the law

in the Seventh Circuit was such that "it certainly was not foreclosed to Mr. Montana to argue that the Government had to prove that he had actual knowledge of the presence of the firearm . . . ." *Id*. at 785.

Vanover was convicted in the Eighth Circuit. The law in that Circuit arguably did not foreclose the argument made in *Rosemond* at the time of Vanover's direct appeal and initial § 2255 motion. See, *United States v. Rolon–Ramos*, 502 F.3d 750, 758–759 (8th Cir. 2007), cited in *Rosemond*, 134 S. Ct. at 1244, n. 3.

In any event, even if Vanover can bring his *Rosemond* claim in a § 2241 petition, he loses on the merits.

Vanover's argument rests on the proposition that he was convicted of aiding and abetting a violation of § 924(c) based on Barbara's possession of the firearm. This is not true.

Petitioner points out that there was evidence that Barbara told an officer that she had found the firearm in her son's car and had placed it under the mattress without Butch's knowledge. Doc. 1, pp. 7, 11. However, the jury was not required to accept that statement as truthful, and it obviously did not.

In addition to the drug trafficking and § 924(c) charges, petitioner was also convicted of being a felon in possession of a firearm. Not having a prior felony conviction, Barbara was not charged with being a felon in possession. The Eighth Circuit determined that the evidence was sufficient to establish that Butch constructively possessed the firearm:

> Here, a reasonable jury could find Butch knowingly possessed the High Point with Barb jointly under a constructive possession theory: (1) Butch lived in the home in which the firearm was found; (2) Butch slept on the bed in which the firearm was hidden; (3) documents addressed to Butch were found in the same bedroom as the firearm; and (4) Butch admitted to Taylor [his cellmate] he owed $4,000 to his methamphetamine supplier, and the firearm was hidden next to $4,000 in cash. As Detective Griffiths testified at trial, drug dealers commonly use firearms for intimidation and protection. Butch, a confessed drug dealer, was more likely to possess a firearm and, as a consequence, use a firearm to protect his methamphetamine, cash, and family.

*Vanover*, 630 F.3d at 1118.

Likewise, the Eighth Circuit found that the evidence was sufficient to establish that *each* of the Vanovers possessed the firearm in furtherance of a drug trafficking crime:

> Sufficient evidence exists from which a reasonable jury could find the Vanovers each, "in furtherance of [a felony drug trafficking crime], possesse[d]" the High Point. 18 U.S.C. § 924(c)(1)(A). As previously indicated, sufficient evidence shows Butch constructively possessed the firearm jointly with Barb.

*Vanover*, 630 F.3d at 1118.

*Rosemond* concerns what the government must prove in order to establish that a defendant aided and abetted a violation of § 924(c) where the defendant himself did not possess the firearm. Because the evidence established that petitioner himself possessed the firearm, albeit it constructively, *Rosemond* does not apply to his case.

## Conclusion

Obell Xavier Vanover's Petition for a Writ of Habeas Corpus under 28 U.S.C. §2241 **(Doc. 1)** is **DENIED**.

The Clerk of Court shall enter judgment in favor of respondent.

**IT IS SO ORDERED.**

Judge Herndon
2018.01.26 15:58:03
-06'00'

**United States District Judge**

## Notice

If petitioner wishes to appeal the denial of his petition, he may file a notice of appeal with this court within sixty days of the entry of judgment. Fed. R. App. P. 4(a)(1)(B). A motion for leave to appeal in forma pauperis should set forth the issues petitioner plans to present on appeal. See Fed. R. App. P. 24(a)(1)(C).

Petitioner is further advised that a motion to alter or amend the judgment filed pursuant to Federal Rule of Civil Procedure 59(e) must be filed no later than 28 days after the entry of the judgment—a deadline that cannot be extended. A proper and timely Rule 59(e) motion may toll the 60-day appeal deadline. Other motions, including a Rule 60 motion for relief from a final judgment, order, or proceeding, do not toll the deadline for an appeal.

It is not necessary for petitioner to obtain a certificate of appealability from this disposition of his §2241 petition. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).